IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sarah Bloomer,<br><br>Plaintiff,<br><br>v.<br><br>Quality Chrysler of Greenwood, Inc.; Self Regional; MD Philip Lopez,<br><br>Defendants. | Case No. 8:25-cv-10304-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to dismiss filed by Defendant Quality Chrysler of Greenwood, Inc. ("QC"); a motion to dismiss filed by Defendant MD Philip Lopez; and a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Self Regional ("Self"). [Docs. 6; 7; 18.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On January 15, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant the three pending motions and dismiss Plaintiff's causes of action with prejudice. [Doc. 36.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 37.] Plaintiff filed objections to the Report, and Self and QC filed replies to Plaintiff's objections. [Docs. 38; 44; 45.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

The Magistrate Judge accurately summarized the Complaint's allegations as follows:

> Plaintiff applied for a job as a salesperson for QC. Plaintiff has been diagnosed with narcolepsy, for which she takes prescription medications. On October 25, 2025, Plaintiff received a contingent offer of employment from QC if she successfully completed a urine drug test and background check. Plaintiff informed QC at the time of her application that she held valid prescriptions for certain drugs which may result in a false positive.
>
> Plaintiff presented to Self and submitted to a urine drug screen. The first, unverified urine drug screen Plaintiff took showed a tentative, unreliable positive for two legal substances which Plaintiff was prescribed. Self concluded that the first drug test was not valid due to the level of urine produced by Plaintiff and informed her that she should return for a second test. Plaintiff informed QC that she had prescriptions that she needed to submit to show that she was not taking illegal drugs, but QC refused to take proof of her prescriptions. Unbeknownst to Plaintiff, Self informed QC that Plaintiff had failed her drug test, even though Self had also informed Plaintiff that she would need to be retested.

> QC directed Plaintiff to pay for her own second drug test, even though she did not fail the first test [through] any fault of her own. Nevertheless, Plaintiff sold one of her child's toys to afford the second drug test because she was in such need of the job with QC. On November 4, 2024, Plaintiff again presented to Self and submitted to a urine drug screen, and offered to present her prescriptions at that time. The result of the second drug test was positive for one substance for which Plaintiff had a prescription. Self refused to take Plaintiff's prescriptions and instead told her that Lopez, as a Medical Review Office[r] ("MRO"), would accept her prescriptions. Self sent the positive drug screen to Lopez for his review. Plaintiff again informed QC that she had prescriptions for controlled substances that may show as positive on her drug test. Plaintiff asserts that Lopez failed to contact Plaintiff to request information on her prescriptions. Plaintiff attempted to contact Lopez but was unable to find anyone to accept proof of her prescriptions.
>
> On November 12, 2024, Lopez approved the positive drug test as positive for amphetamines, the substance that Plaintiff was prescribed. On November 14, 2024, QC informed Plaintiff that her job offer was rescinded solely due to her positive drug screen. On November 27, 2024, Plaintiff timely filed a charge to the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination in relation to QC rescinding her job offer due to the positive drug test for which she had legal prescriptions. On January 7, 2025, QC submitted a position statement to the EEOC claiming that "[Plaintiff] tested positive for two substances on her drug screen," and for that reason, QC did not hire her. On February 11, 2025, Lopez finally reached out to Plaintiff to obtain proof of her prescriptions, but at that point, it was too late to save Plaintiff's job opportunity. On April 17, 2025, the EEOC issued a Dismissal and Notice of Rights.

[Doc. 36 at 2–4 (last alteration in original) (record citations omitted).[1]]

Plaintiff asserts the following causes of action: (1) discrimination under the Americans with Disabilities Act ("ADA") against QC, (2) publication of private facts against Self, (3) wrongful intrusion into private affairs against Self, (4) intentional interference with

[1] Plaintiff does not object to the Report's factual recitation. [*See generally* Doc. 38.]

a contract against Self, and (5) gross negligence against Lopez. [Doc. 1-1 ¶¶ 35–74.] She seeks injunctive relief, actual and punitive damages, prejudgment interest, and attorneys' fees and costs. [*Id.* at 13–14.]

## **DISCUSSION**[2]

As stated, the Magistrate Judge recommends that all three motions be granted. [Doc. 36.] Specifically, the Magistrate Judge recommends that QC's motion to dismiss for failure to state a claim be granted because the Complaint fails to plead facts sufficient to plausibly allege that narcolepsy is covered under the ADA, that QC regarded Plaintiff as having a disability, that Plaintiff has a record of disability, or that QC rescinded Plaintiff's offer based on disability. [*Id.* at 8–18.] The Magistrate Judge treated Self's motion as a motion for summary judgment because he considered a waiver that Self submitted with the motion. [*Id.* at 18 n.2.] The Report recommends granting Self's summary judgment motion with respect to the publication of private facts claim because the Complaint fails to allege that Self publicized the drug test results and because Plaintiff signed a waiver to allow Self to share the results, which defeats this claim [*id.* at 18–21]; with respect to the wrongful intrusion into private affairs claim because the Complaint fails to plausibly allege an intrusion [*id.* at 21–23]; and with respect to the intentional interference with contract claim because the Complaint fails to plausibly allege that Plaintiff had a valid, enforceable contract [*id.* at 23–25]. Finally, as to Lopez's motion to dismiss, the Magistrate Judge concluded that the Court may exercise personal jurisdiction over Lopez but recommends granting Lopez's motion to dismiss for failure to state a claim

[2] The Magistrate Judge accurately summarized the relevant standards under Rules 12(b)(2), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. [Doc. 36 at 4–8.] Accordingly, the Court does not repeat those standards.

because Lopez did not owe Plaintiff a duty of care. [*Id.* at 26–35.] The Magistrate Judge recommends that all of Plaintiff's causes of action be dismissed with prejudice. [*Id.* at 36.]

Plaintiff does not object to the Magistrate Judge's analysis or recommendation to grant the pending motions but instead objects only to the dismissal of Plaintiff's causes of action *with prejudice*, arguing that she should be allowed to amend her Complaint to reassert all five causes of action. [Doc. 38.] With respect to her ADA claim against QC, Plaintiff contends that she may amend her Complaint to meet the relevant pleading standards by providing additional factual support regarding the limitations she experiences in major life activities and her discussions with and documentation provided to QC about the medications she takes. [*Id.* at 2–3.] As to her state law claims, Plaintiff does not specify what additional factual allegations she may provide in an amended complaint but asserts that "the Court should afford Plaintiff the opportunity to amend" these claims. [*Id.* at 3.]

In light of Plaintiff's objections, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts and modifies the Report. Regarding the ADA claim, the Court agrees with Plaintiff that she may be able to allege facts sufficient to state a claim for ADA discrimination against QC. Accordingly, the Court dismisses Plaintiff's ADA claim without prejudice.[3] *See Adbul-*

[3] The Court notes that, to the extent the Report analyzed whether Plaintiff sufficiently alleged a prima facie case of disability discrimination [*see* Doc. 36 at 9 (setting forth the elements of a prima facie failure-to-hire discrimination claim), 17 (referencing a prima facie case of ADA discrimination)], plaintiffs alleging employment discrimination claims are not required to establish a prima facie case to survive a motion to dismiss, *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 584–85 (4th Cir. 2015); *see id.* at 584 (recognizing that "[t]he prima facie case . . . is an evidentiary standard, not

*Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left "to the sound discretion of the district court"). However, as to Plaintiff's state law claims for publication of private facts against Self, wrongful intrusion into private affairs against Self, intentional interference with a contract against Self, and gross negligence against Lopez, the Court agrees with the Magistrate Judge's analysis and concludes that these claims should be dismissed with prejudice because it appears to the Court that the Complaint cannot be amended to cure the deficiencies identified concerning these claims.

As to Plaintiff's request to amend the Complaint [Doc. 38 at 3–4], the Court will allow Plaintiff an opportunity to file a motion to amend the Complaint. At this posture and without a proposed amended complaint to review, the Court is unable to determine whether amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2) (stating that "[t]he court should freely give leave [to amend a pleading] when justice so requires"); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."). Accordingly, Plaintiff shall file a motion to amend the Complaint by October 22, 2026, and shall submit a proposed amended complaint along with the motion so that QC may adequately

---

a pleading requirement, that may require demonstrating more elements than are otherwise required to state a claim for relief"; therefore, "requiring a plaintiff to plead a prima facie case would amount to a heightened pleading standard" (alterations in original) (internal citation and quotation marks omitted)). Moreover, a complaint need not plead facts sufficient to establish pretext to rebut an employer's legitimate, nondiscriminatory reason for any adverse employment action. *Barbour v. Garland*, 105 F.4th 579, 590 (4th Cir. 2024).

respond to the motion and the Court may review the proposed amendments. Plaintiff should seek only amendments that are consistent with this Opinion and Order.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates the Report by reference to the extent consistent with this Opinion and Order. Accordingly, QC's motion to dismiss [Doc. 6] is GRANTED; Lopez's motion to dismiss [Doc. 7] is GRANTED; and Self's motion for summary judgment [Doc. 18] is GRANTED. All claims are dismissed with prejudice except for Plaintiff's ADA discrimination claim against QC, which is dismissed without prejudice. With respect to the ADA discrimination claim, Plaintiff shall file a motion to amend the Complaint by October 22, 2026. As such, this matter is recommitted to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

October 8, 2026
Greenville, South Carolina